UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | Case No. 04-09182-W |
|---|---|
| Omar Jaraki, | ORDER AUTHORIZING SETTLEMENT |
| Debtor. | Chapter 7 |

This matter came before the court on the application of the Chapter 7 Trustee for authority to settle an action pending in the Court of Common Pleas for Horry County, Case No. 04-CP-27-3103, entitled *"Omar Jaraki, M.D. vs. Len Villacres and Medtronic, Inc."* ("Litigation") and the objection of Dr. Omar Jaraki ("Debtor") to that settlement. After hearing arguments of the parties, this Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACTS

1.  This Case was commenced by Debtor's filing his original petition under Chapter 7 on August 3, 2004.

2.  On that date, Ralph C. McCullough, was appointed Chapter 7 Trustee for the Debtor's bankruptcy estate.

3.  Debtor is a medical doctor, and a board-certified Cardiologist.

4.  The Litigation was pending in the Court of Common Pleas for Horry County, South Carolina on the date of the original petition.

5.  The Litigation, and the cause of action upon which it is based, against the defendants Len Villacres and Medtronics, Inc. ("Defendants"), was unscheduled by Debtor.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

6. In the Litigation, Debtor alleges that Defendants have slandered him, have willfully deprived him of his right to a profession, and have caused other specified and non-specified economic damages.

7. Debtor continued to prosecute the litigation after the filing of his Chapter 7.

8. The Chapter 7 Trustee, without knowledge of the Litigation, declared Debtor's bankruptcy to be a no-asset case.

9. On January 6, 2005, the Court entered an order discharging Debtor, discharging the Chapter 7 Trustee and closing the case.

10. On July 12, 2005, the Chapter 7 Trustee moved to reopen the Debtor's case in order to administer the Litigation and another cause of action.

11. The Motion to Reopen was contested by Debtor. However, this Court granted the Chapter 7 Trustee's Motion to Reopen.

12. In that nonappealed Order, the Court found that the lawsuit was not disclosed; that Debtor was aware of the Litigation; and that Debtor gave false testimony when he stated that he had fully disclosed the Litigation.

13. On August 9, 2005, the Court entered an order reopening Debtor's chapter 7 case.

14. On September 1, 2005, Ralph C. McCullough resigned as the Chapter 7 Trustee, as he discovered a conflict of interests that precluded him from serving in such capacity. On the same day, the Assistant United States Trustee for the District of South Carolina appointed Robert F. Anderson as the new Chapter 7 Trustee to administer Debtor's bankruptcy estate.

15. On October 4, 2005, the Chapter 7 Trustee petitioned the court for an order under Federal Rule of Bankruptcy Procedure Rule 2004, compelling Debtor appear and testify as to his

2

Case 04-09182-dd    Doc 58    Filed 01/20/06    Entered 01/20/06 13:53:40    Desc Main
Document    Page 3 of 6

Debtor's acts, conduct or property, and information concerning the administration of the bankruptcy estate.

16. On October 7, 2005, this court entered its Order directing that Debtor appear, and be examined as to his Debtor's acts, conduct or property, and information concerning the administration of the bankruptcy estate.

17. The Chapter 7 Trustee stated that purpose of the examination of Debtor under Rule 2004 was, among other things, to determine the viability of the Litigation.

18. On November 14, 2005, Debtor appeared for his ordered Rule 2004 examination. However, the Chapter 7 Trustee advised the Court that Debtor refused to answer any questions posed by the trustee during the examination.

19. The Chapter 7 Trustee proposes to settle the Litigation for $12,500.00, in full and complete settlement of claims the estate may have against Defendants.

20. The Chapter 7 Trustee states that one of the primary reasons for requesting the settlement of the Litigation is the fact that Debtor's testimony, which is critical to the success of the Litigation, can be impeached by his past actions and non-disclosures during his bankruptcy case.

21. The Chapter 7 Trustee further states that an equally-compelling reason for his seeking to settle the Litigation is that Debtor has indicated, through his refusal to testify at his Rule 2004 examination, an unwillingness to assist the Chapter 7 Trustee with the prosecution of the Litigation.

22. The Chapter 7 Trustee states that, in his opinion, there is a substantial likelihood that there would be no recovery in the Litigation, given Debtor's actions in this case.

23. Debtor believes that the value of the litigation substantially exceeds the Chapter 7 Trustee's proposed settlement by hundreds of thousands of dollars.

## CONCLUSIONS OF LAW

Section 541 of the Bankruptcy Code states that, upon the filing of a bankruptcy petition, a bankruptcy estate is created, 11 U.S.C. §541(a). The estate is composed of all property, including intangible property and any and all possible causes of action a debtor had prior to the commencement of the bankruptcy case. United States vs. Whiting Pools, Inc., 462 U.S. 198, 205 and n.9, 103 S.Ct. 2309, 2313 and N.9, 76 L.Ed.2d 515 (1983); Steyer-Daimler-Puch of America Corp. vs. Pappas (In re. American Home Enterprises, Ltd.), 852 F.2d 132 (4th Cir. 1988). The Litigation, although initially undisclosed, was property of the Debtor's bankruptcy estate, despite the closure and reopening of Debtor's case. 11 U.S.C. §544(d).

After the appointment of a case trustee in a Chapter 7 proceeding, the "Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." Cain v. Hyatt, 101 B.R. 440, 442 (E.D. Pa. 1989). Upon reopening of the case, the Chapter 7 Trustee became the only person that could pursue and/or settle that matter.

Section 363(b)(1) provides that "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Federal Rule of Bankruptcy Procedure Rule 9019 says that, on motion by the trustee and after notice to creditors and others, "the court may approve a compromise or settlement."

The factors a court must weigh, and consider, when asked to approve a settlement—

      (a)    the probabilities of success in litigation;

      (b)    the difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and

(d)    the paramount interest of the creditors and a proper deference to their reasonable views.

U.S. ex Rel. Rahman v. Oncology Associates, P.C., 269 B.R. 139, 149 (D.Md. 2001) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. vs. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)). Settlements are to be encouraged, not discouraged. Oncology Associates, 269 B.R. at 149. "A Court may approve a settlement over objections unless the proposed settlement falls below the 'lowest point in the range of reasonableness.'" Id. (citing In re W.T. Grant Co., 699 F.2d 599, 608, 613 (2d Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983)).

In this case, the Chapter 7 Trustee indicates that there is both a substantial likelihood that the veracity of Debtor will be called into question by the Defendants offering the settlement; and that Debtor will not act to advance the Litigation because when given the opportunity, Debtor has failed to, and refused to, respond to questioning by the Chapter 7 Trustee concerning the Litigation. The testimony of Debtor is crucial to any recovery in the Litigation; without that testimony, there is a likelihood that Debtor's bankruptcy estate would receive nothing from the Litigation – that is, that Debtor, burdened with his previous acts in this Court, would not be believed nor be believable in a trial of the cause of action in the State Courts. In South Carolina, "Equity will . . . leave the parties in the condition they have prepared for themselves." Grooms v. Kennerly, 401 S.E.2d 190 (S.C. App. 1991) (citing Arnold v. Mattison, 24 S.C.Eq. (8 Rich.Eq.) 62, 63 (1850)). This Court finds no reason to disbelieve the Chapter 7 Trustee, and finds that the success of the litigation is questionable, thereby justifying the settlement proposed by the trustee.

Given this, the paramount interests of the creditors in the case mandate that the Chapter 7 Trustee take what is offered, so that there is at least some recovery for creditors.

In light of the foregoing, it appears that settlement of the Litigation is in the best interest of the estate; and the objection of Debtor to the settlement is overruled. It is therefore

**ORDERED** that the Chapter 7 Trustee be, and he herewith is, authorized to settle the above-referenced litigation by the defendants Len Villacres and Medtronic Inc. paying to the Chapter 7 Trustee the sum of $12,500.00 in full and complete settlement of claims the estate may have against them.

*/s/ John E. Waites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
January 20, 2006.